UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

SCOTT RANDOLPH MATTHEWS

Debtor.
_____/

CASE NO. 6:13-bk-12213

Chapter 7

**NOTICE OF FILING SETTLEMENT AGREEMENT**

COMES NOW Blue Moon Marketing, LLC and gives notice of filing settlement agreement attached hereto as Exhibit "A"

Respectfully submitted,

/s/ L. Todd Budgen

_____

L. Todd Budgen

Florida Bar No. 0296960
P.O. Box 520546
Longwood, FL 32752
Phone: (407) 481-2888
Fax: (407) 392-2331
Counsel for Creditor
tbudgen@mybankruptcyfirm.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. Mail or CM/ECF on or before October 6, 2016:

Debtor: *VIA U.S. MAIL*
Scott Randolph Matthews
7051 Bramlea Lane
Windermere, FL 34786

Debtor's Counsel: *VIA CM/ECF*
Charles W Price
Price Law Firm
390 Maitland Avenue   Suite 1000
Altamonte Springs, FL 32701
Email: cprice1997@aol.com

U.S. Trustee: *VIA CM/ECF*
United States Trustee
400 W. Washington Street, Suite 1100
Orlando, Florida 32801

Trustee: *VIA CM/ECF*
Gene T Chambers
P.O. Box 533987
Orlando, FL  32853


/s/ L. Todd Budgen
_____
L. Todd Budgen

## Settlement and Cooperation Agreement

This Settlement and Cooperation Agreement (hereinafter "Agreement") is dated July 18th, 2016 and entered into by and among: (i) Blue Moon Marketing, LLC (hereinafter "BMM"); (ii) Brian MacGregor a/k/a Brian McGregor (hereinafter "MacGregor"); and (iii) Scott Mathews (hereinafter "Matthews"), (i, ii, and iii together hereinafter the "Parties") in the case before the U.S. Bankruptcy Court, Middle District of Florida, Orlando Division, styled as In re. Scott Matthews, 6:13-bk-12213-CCJ. For valuable consideration that is hereby acknowledge, the Parties agree as follows:

To avoid the expense, time and uncertainty of litigation, the Parties desire to settle matters in this bankruptcy matter.

1. BMM and MacGregor agree to release all causes of actions under 11 U.S.C. 523 and 727, including any objections to Matthews' bankruptcy or discharge, except as allowed in this Agreement.

2. Matthews agrees to cooperate with BMM and MacGregor by making any Relevant Documents, as described herein, in Matthews possession, dominion, control or access, available to BMM and Macgregor for inspection and copying and by making himself available to provide sworn statements and testimony regarding the authenticity of such documents, limited to providing admissibility of such documents. Matthews agrees to cooperate fully, truthfully, and candidly with BMM and MacGregor or their designated representatives or agents, including but not limited to affidavits as described herein. Matthews agrees, despite deadlines herein to the contrary, to provide the Relevant Documents on or before July 19th, 2016.

3. "Relevant Documents" shall include:

    a. Any and all correspondence, memoranda, log books, stenographic or handwritten notes, computer media, studies, publications, books, pamphlets, files, voice recordings, reports, minutes, and statistical compilations in the possession, custody or control of Clyde DeWitt, or any other counsel of Matthews, responsive to: 1) that certain First Request for Production dated on or around July 3, 2015; and, 2) items under this Section 3. These items are to be delivered to Matthews bankruptcy counsel via electronic means (CD, DVD, USB Key, etc) on or before July 15th, 2016 and to BMM's counsel on or before July 18th, 2016.
    b. Any and all correspondence, memoranda, log books, stenographic or handwritten notes, computer media, studies, publications, books, pamphlets, files, voice recordings, reports, minutes, and statistical compilations in the possession, custody or control of Matthews responsive to that certain First Request for Production dated on or around August 31st, 2016. This shall include items that are not immediately available to Matthews but reasonably available to procure.

    c. All emails between Summer Bay Resorts and Matthews.
    d. All emails between Westgate Resorts and Matthews, limited to April 2013 through February 2014.
    e. All emails between any of Ron LaScala's companies and Matthews
    f. All emails between Matthews and any company involved in the production and airing of the infringing show.
    g. All emails between Matthews and any of the listed defendants from case 6:14-cv-02036-CEM-TBS or related numbers before or thereafter, styled as Blue Moon Marketing, LLC v. Scott R. Matthews, et. al.
    h. All airing, sales and call reports from the competing show (these would include all media reports from the show airings as well as sales and call reports from Summer Bay).
    i. All contracts associated with the infringing show.
    j. All banking statements (personal and all businesses associated in any way with the infringing show) from April 2013 through February 2014.

4. Matthews shall complete an affidavit under penalty of perjury, as defined by and subject to Title 18 U.S. Code, attesting to compliance hereunder and that he has expended all reasonable efforts on a good faith basis to comply hereunder once the items are delivered, but no later than September 1, 2016.

5. Matthews shall complete Interrogatories of no more than 50 questions. Such Interrogatories shall be limited in scope to items under Section 3 of this Agreement, including but not limited to questions about the Relevant Documents and explanations regarding missing documents. Matthews agrees to complete the Interrogatories with specificity and detail, using reasonable best efforts, and return such within 45 calendar days of service to he or his counsel.

6. Matthews shall assign and transfer to BMM any rights to collect outstanding sums due against Summer Bay Resorts Crown Club, LLC, whether via an entity under his dominion and control or individually. Matthews shall provide any affidavits, documents, emails or other support available to him to assist in the collection of such debt. If requested by BMM or MacGregor, Matthews shall transfer ownership of "Travel Shopping Network, LLC", or whichever related entity necessary to effectuate collection against Summer Bay Resorts Crown Club, LLC, to BMM or MacGregor, as indicted by MacGregor. Matthews shall complete this Section 6 task within 60 calendar days of service of such separate written request.

7. Matthews shall dismiss any counterclaims by Matthews or any entities controlled by Matthews in case 6:14-cv-02036-CEM-TBS or related numbers before or thereafter, styled as Blue Moon Marketing, LLC v. Scott R. Matthews, et. al. on or before September 1, 2016.

8. Matthews shall deliver all tangible items under this Agreement, unless explicitly noted otherwise herein, on or before August 31st, 2016.

9. Each party in this dispute shall bear its own fees and costs. Each party warrants that they have already paid their respective portions of the mediator's bill.

10. In the event of a breach of this Agreement, the substantially prevailing party shall be entitled to recover fees and costs resulting from such breach.

11. The Parties agree that the information to be produced is difficult to value. The Parties agree that the information and cooperation under this Agreement has at least a value of $50,000.00. In the event of breach, Matthews agrees to stipulate to a $50,000.00 non-dischargeable judgment under 11 U.S.C. § 523 in the favor of BMM and Brian MacGregor. In the event that the bankruptcy case is closed prior to the ability to fully comply hereunder, Matthews stipulates to reopen his bankruptcy case for the limited purpose of enforcing this Agreement.

12. On July 20th, 2016, unless such already scheduled hearing is reset or rescheduled by the court, the parties shall request that the court close this above-styled bankruptcy case, with the request that it may be reopened by either party without fee for the limited purpose of enforcing this Agreement.

13. This Agreement shall be construed under the Bankruptcy Rules and the laws of Florida.

14. Each entity or individual under this Agreement was represented by counsel and has had the opportunity to discuss this Agreement with counsel. This Agreement is entered into freely and voluntarily.

15. Except where necessary to disclose information herein to enforce this Agreement, by order of a court of competent jurisdiction, or as necessary to the professionals hired by the parties herein, this Agreement shall remain confidential.

16. This Agreement may be executed in multiple counterparts, including via telecopy, each of which shall count as an original.

_____
Scott Matthews

STATE OF FLORIDA
COUNTY OF Orange

SUBSCRIBED AND SWORN to before me this 20th day of July 2016 by Scott Matthews having produced FDL as identification, to be his voluntary act and deed.

DARIANISSE RIVERA
MY COMMISSION # FF 060209
EXPIRES: December 30, 2017
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC, STATE AT LARGE


_____
Brian MacGregor


_____
Daryl DuPree
Blue Moon Marketing Representative
Printed Name: _____
For Blue Moon Marketing

_____
Scott Matthews

STATE OF FLORIDA
COUNTY OF _____

    SUBSCRIBED AND SWORN to before me this ____ day of _____ 2016 by Scott Matthews having produced _____ as identification, to be his voluntary act and deed.

                                    _____
                                    NOTARY PUBLIC, STATE AT LARGE

_____
Brian MacGregor

*/s/ Daryl DuPree*
Daryl DuPree
Blue Moon Marketing Representative
Printed Name: __Daryl DuPree__
For Blue Moon Marketing

THIS DOCUMENT CONTAINS 4 PAGES

REMAINDER OF PAGE LEFT BLANK INTENTIONALLY